STATE

v.

Wilfred E. MOULTON.

No. 97–103–C.A.

Supreme Court of Rhode Island.

Oct. 23, 1997.

Jane M. McSoley, Aaron L. Weisman, Providence.

Paula Rosin, Providence.

## ORDER

This case came before the Supreme Court on October 8, 1997, pursuant to an order that directed the parties to show cause why the issues raised by this appeal should not be summarily decided. The defendant, Wilfred Moulton, has appealed from a judgment of conviction of two counts of first degree sexual assault.

After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown, and therefore, the appeal will be decided at this time.

Following a jury trial, defendant was convicted on April 30, 1996, of two counts of first degree sexual assault. The victim, defendant's son William, testified to having endured physical and sexual abuse from age 12 or 13 until age 18. William's older brother and younger sister gave corroborating testimony that also revealed that they had suffered similar incidents of sexual abuse by defendant.

The defendant argued on appeal that the trial justice erred by denying his motion in limine to bar the state from presenting the two siblings' testimony that described similar uncharged acts of sexual assault. The defendant contended that this testimony should have been admissible only if the state had proved that admission of these prior uncharged acts was reasonably necessary, and he argued further that the trial justice failed to rule on the necessity of the evidence.

Evidence of similar uncharged acts is not usually admissible to prove the likelihood of a defendant having committed a crime. R.I.R.Evid. 404(b). This Court, however, has held that evidence of other acts may be admissible when those acts are interwoven with the current offense, *State v. Pignolet*, 465 A.2d 176, 180 (R.I.1983), and when such evidence is reasonably necessary for the state to meet its burden of proof. *State v. Brigham*, 638 A.2d 1043 (R.I.1994). In *Pignolet*, this Court held that the testimony of siblings, "similarly situated and similarly abused ... [was] relevant, probative, and admissible corroborative evidence." *Pignolet* at 182. The appropriate test for the admission of such evidence is whether the admission appeared to be reasonably necessary to the trial at the time of the ruling. *Id.*

In *State v. Hopkins*, 698 A.2d 183 (R.I. 1997), application of this test permitted admission of similar uncharged sexual offenses in which the testimony of two witnesses described similar acts of molestation that were unrelated to the charged offense and that had occurred approximately ten years earlier. We held that this evidence was reasonably necessary and determined that its probative value outweighed any prejudicial effect. *Id.*

The question before us rests on whether the trial justice made a threshold determination of reasonable necessity prior to denying plaintiff's motion. Our examination of the record disclosed that the trial justice relied explicitly on *State v. Toole*, 640 A.2d 965 (R.I.1994) and *Brigham* in making her ruling.

This Court's analysis in *Toole* recognized the evidentiary exception that permitted admission of evidence of uncharged sexual conduct, *Toole* at 970–71, while in *Brigham*, we considered the issue of reasonable necessity for admission of evidence on the basis of that exception. *Brigham* at 1044–45. Because she relied on these two cases in reaching her decision, we conclude that the trial justice made the appropriate threshold determination and applied the proper balancing test in ruling on the admission of the challenged testimony.

Therefore, we deny and dismiss the defendant's appeal and affirm the judgment of the Superior Court to which we remand the papers in the case.